**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **MARRICO D. McCALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **No. 13-2475-STA-tmp** |
| **CORT FURNITURE RENTAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendant Cort Furniture Rental's Motion to Dismiss (ECF No. 29) filed on July 21, 2014.  For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed his Pro Se Complaint in this matter on June 26, 2013.  According to the Complaint, Plaintiff Marrico D. McCall was employed by Defendant as a delivery manager from September 13, 2010 through December 14, 2012.  Following his termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination and unlawful retaliation.  Additionally, Plaintiff alleges in his Complaint that Defendant denied him the opportunity to apply for promotions and that Defendant awarded the positions of sales rental manager and national account delivery manager to less qualified, non-protected employees.

On September 24, 2013, the United States Magistrate Judge conducted a scheduling

1

conference with the parties and entered a Rule 16(b) case management order (ECF No. 20). Under the deadlines set in the scheduling order, the parties were to complete all discovery by May 13, 2014, and file dispositive motions by June 13, 2014. The Court set this matter for trial on October 20, 2014. A pretrial conference was set for October 2, 2014.

On May 9, 2014, Defendant filed a motion to extend the deadlines for discovery and dispositive motions (ECF No. 25). According to Defendant, Plaintiff had yet to respond to written discovery, which Defendant had propounded on Plaintiff in March 2014. Defendant stated that its attempts to communicate with Plaintiff about discovery issues and possible dates for Plaintiff's depositions were unsuccessful. The Magistrate Judge granted Defendant's motion and gave the parties an additional 45 days to complete discovery and file dispositive motions. When Plaintiff failed to respond to Defendant's discovery requests or attempts to coordinate discovery issues, Defendant filed a motion to compel (ECF No. 27) on May 14, 2014.

On June 3, 2014, the Magistrate Judge granted Defendant's motion to compel Plaintiff to respond to Defendant's first set of interrogatories and first set of requests for production. Plaintiff's discovery responses were due within fourteen (14) days from the entry of the order. Plaintiff failed to meet that deadline and has yet to provide responses to Defendant's discovery requests. Likewise, Plaintiff failed to appear for his own deposition, which Defendant noticed for June 24, 2014.

Based on Plaintiff's failure to cooperate in discovery, Defendant filed the instant Motion to Dismiss. Defendant argues that dismissal is an appropriate sanction under Rule 37 for Plaintiff's failure to cooperate in discovery as well as under Rule 41(b) for Plaintiff's failure to prosecute his case. Under the Local Rules of Court, Plaintiff's response to the Motion to Dismiss

was due no later than August 22, 2014.  When Plaintiff failed to make a timely response, the Magistrate Judge entered an order (ECF No. 30) on August 27, 2014, directing Plaintiff to show cause as to why Defendant's Motion to Dismiss should not be granted.  The Magistrate Judge warned Plaintiff that failure to respond to the show cause order would result in a recommendation to the Court that the Complaint be dismissed with prejudice.  The Magistrate Judge gave Plaintiff 20 days in which to file his written response.  To date Plaintiff has not responded.

## STANDARD OF REVIEW

Defendant has moved for dismissal due to Plaintiff's failure to cooperate in discovery and failure to follow the court orders.  Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose sanctions, including dismissal of the entire action, if a party "fails to obey an order to provide or permit discovery."[1]  The Sixth Circuit has held that "dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness."[2]  "A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order."[3]

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[4]  When considering whether to dismiss a case for failure to prosecute, a court

---

[1] Fed. R. Civ. P. 37(b)(2)(A).

[2] *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir. 1954)).

[3] *Id.*

should consider the following factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."[5] "[D]ismissal for failure to prosecute is a harsh sanction which the court should order only in extreme situations."[6] A district court should not dismiss for failure to prosecute unless there is a "clear record of contumacious conduct by the plaintiff."[7]

## ANALYSIS

The Court holds that Plaintiff's failure to cooperate in discovery and failure to comply with court orders require the dismissal of his case pursuant to Rule 41(b). First, the Court finds that Plaintiff's failure to prosecute at the very least constitutes fault and arguably rises to the level of willfulness. The record shows that Plaintiff last appeared or took any action to prosecute this case when he attended the scheduling conference on September 24, 2013, more than one year ago.[8] Since that time, Plaintiff has failed to respond to discovery requests served in March 2014; failed to respond to Defendant's attempts to communicate with him about discovery issues in April 2014; failed to respond to Defendant's attempts to consult with him about a motion to

---

[4] Fed. R. Civ. P. 41(b).

[5] *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

[6] *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

[7] *Id.*

[8] Although discovery need not be filed on the docket, there is no indication from the record or from Defendant's own filings that Plaintiff ever served any discovery requests of his own on Defendant.

extend the scheduling order deadlines in May 2014 (which was brought on by Plaintiff's failure to respond to discovery in a timely fashion); failed to respond to Defendant's motion to compel discovery in June 2014; failed to comply with the order of the Magistrate Judge to cooperate in discovery in June 2014; failed to respond to Defendant's Motion to Dismiss in August 2014; and failed to respond to the Magistrate Judge's show cause order in September 2014. In short, Plaintiff has repeatedly failed to meet his discovery obligations and acted in contempt or reckless disregard of court orders compelling him to prosecute his case.[9] As such, the Court finds that Plaintiff's fault weighs heavily in favor of dismissal.

Second, the Court finds that Defendant has suffered prejudice as a result of Plaintiff's conduct. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide."[10] Defendant has had to expend time and resources in pursuit of discovery responses Plaintiff should have provided in the normal course. The record shows that counsel for Defendant has made a number of attempts to contact Plaintiff about discovery matters but has never received a response of any kind. Defendant was forced to file a motion to extend the discovery period as a result of Plaintiff's failure to cooperate. During the extended discovery period, Plaintiff continued to neglect written discovery and failed to appear for a properly noticed deposition. At that point Defendant incurred the cost of preparing and filing a motion to compel, only for Plaintiff to once again fail to respond. Even after the Magistrate Judge ordered Plaintiff to cooperate in discovery, Plaintiff failed to comply with the Magistrate Judge's order

---

[9] *Carpenter*, 723 F.3d at 705.

[10] *Id.* at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997)) (internal punctuation omitted).

and failed to take any steps to prosecute his case. It is clear then that Plaintiff's failure to meet

his obligations and comply with court orders has prejudiced Defendant.

Third, Plaintiff received ample warnings about the possible dismissal of his case as a

sanction for his failure to participate in discovery or respond to Defendant's Motion to Dismiss.

On July 9, 2013, the Magistrate Judge issued a screening order (ECF No. 4) and cautioned

Plaintiff that any failure to comply with the requirements set out in the screening order or the

failure to comply with any other court order could result in the dismissal of the case without

further notice. On June 3, 2014, the Magistrate Judge granted Defendant's motion to compel and

further warned Plaintiff that his failure to comply with the order or failure to cooperate in

discovery could result in sanctions "including dismissal of the complaint with prejudice for

failure to prosecute."[11] Finally, on August 27, 2014, the Magistrate Judge ordered Plaintiff to

file a written response to the Motion to Dismiss and show cause as to why it should not be

granted. The Magistrate Judge again warned Plaintiff in a highlighted section of the order that

failure to respond would result in a recommendation to the District Judge that the complaint be

dismissed with prejudice. The Court concludes that Plaintiff has had ample warnings about the

adverse consequences of his failure to prosecute at every stage of the case.

Fourth, the Court finds that dismissal is the appropriate remedy for Plaintiff's failure to

prosecute. Plaintiff has ignored his discovery obligations and the orders of the Magistrate Judge

over a period of months. By his inaction, Plaintiff has frustrated Defendant's attempts to engage

in discovery and impeded the orderly progress of the case. Although this matter is now on the

eve of trial, the parties have been unable to prepare the case due to Plaintiff's repeated failures to

---

[11] Order Granting Mot. to Compel 2 (ECF No. 28).

respond to discovery requests, motions, and court orders. The Court finds that although dismissal is a harsh and extreme sanction, dismissal is warranted under the facts of this case.

Therefore, Defendant's Motion to Dismiss is **GRANTED** pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's Pro Se Complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 1, 2014.